[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2009
THOMAS K. KAHN
CLERK

No. 08-14470
Non-Argument Calendar

_____

D. C. Docket No. 04-00175-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIRGIL JAWAN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 5, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Virgil J. Smith, pro se, appeals the district court's denial of his pro se motion

for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Smith's § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Smith argues that his career offender status is an enhancement to the Guidelines sentencing range for crack cocaine offenders found in § 2D1.1. He contends that because § 2D1.1 dictated his original base offense level, Amendment 706 lowered his original Guidelines range. Next, Smith argues the district court should have reduced his sentence in recognition of the factors listed in 18 U.S.C. § 3553(a). Specifically, Smith argues that the court should have reduced his sentence because of his efforts at rehabilitation. Lastly, Smith argues that the Supreme Court recognized in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), that crack cocaine sentences historically have been unreasonably high. According to Smith, his sentence should be reduced in light of this holding.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C.

§§ 3582(c)(1)(B), (c)(2). When the district court is determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).

Amendment 706, which has been made retroactive, amends the Drug Quantity Table in § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). However, if a defendant is a career offender, his base offense level is determined under the career-offender guideline in § 4B1.1(b) and not the drug-quantity guideline in § 2D1.1(c). Id. at 1327-28. For this reason, we held in Moore that defendants who are sentenced under the career-offender guideline are not sentenced under § 2D1.1, and therefore Amendment 706 has no effect on their applicable guideline range. Id.

Just as in Moore, Smith's sentencing range was determined by his career-offender status under U.S.S.G. § 4B1.1, and his crack cocaine base offense level played no role in his ultimate sentence. Therefore, Smith is ineligible for relief under Amendment 706. See Moore, 541 F.3d at 1327-28, 1330

3

Smith's argument that he should receive a sentence reduction under Kimbrough is foreclosed by precedent. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664) (holding that Kimbrough applies to original sentencing proceedings and does "not address motions to reduce a sentence under § 3582(c)(2)"). Further, the court could not have reduced Smith's sentence based on his post-sentencing conduct, standing alone, because § 3582(c)(2) only authorizes a court to reduce a sentence where a defendant's original sentencing range has been reduced by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). We affirm.

**AFFIRMED.**